IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| TUMALO WILDLIFE SET ASIDE PARCEL, LLC, | ) ) ) | |
| Plaintiff, | ) ) | TC-MD 190066N |
| v. | ) ) | |
| DESCHUTES COUNTY ASSESSOR, | ) ) | |
| Defendant. | ) | **ORDER** |

This matter came before the court on Defendant's affirmative defense, seeking to add two additional property tax accounts to this appeal under ORS 305.287.[1]  (Def's Answer at 2.)

A.    *Procedural History*

Plaintiff's complaint challenges the real market value of property identified as Account 264944 (original account) for the 2018-19 tax year.  Defendant seeks to add two additional accounts, identified as Accounts 163467 and 264943 (additional accounts), owned by the William John Kuhn Trust and William John Kuhn (Kuhn), respectively.  (Answer at 2.) Defendant alleges that the three accounts compose a unit of property within the meaning of ORS 305.287 and 310.160(1).  (*Id.*)

A case management conference was held on May 22, 2019, during which the parties agreed to a briefing schedule on Defendant's affirmative defense.  Defendant filed its Opening Brief on August 14, 2019.  The parties filed an Amended Stipulation of the Parties – Ownership on August 26, 2019.  Plaintiff filed a Response to Defendant's Opening Brief on September 17, 2019.  Defendant filed its Reply on September 26, 2019.

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

B.      *Statement of Facts*

The three accounts, along with another residential parcel not at issue here, were part of a "cluster development" conditional use permit in 1980 that allowed a parcel of forestland to be partitioned into two residential parcels with a third 33-acre open space common area parcel.[2] (*See* Ptf's Resp at 7-8; Def's Reply, Ex 2.)  As a condition of the partition and prior to any sale of the residential parcels, the owner was to establish "an acceptable homeowners association [HOA] or agreement assuring the maintenance of common property in the partition."  (Def's Reply, Ex 2 at 3.)  Notwithstanding that condition, the residential lots were sold to the Dowells and Kuhns and improved with houses without an HOA or maintenance agreement in place. (*See id.*)  Litigation and code enforcement actions ensued over the unfulfilled condition, among other things.[3]  (*See id.* at 4-5, 10, 17.)

In 2016, LUBA[4] upheld a declaratory ruling issued by the board of county commissioners interpreting the condition requiring an HOA or other agreement for maintenance of the common property.  (*See* Def's Reply, Ex 2.)  The county concluded that the condition could be satisfied in several ways, one of which was "execution by one party and the county of a Conditions of Approval agreement[.]"  (*Id.* at 5.)  The commissioners found that the required agreement need not be signed by both residential parcel owners:

/ / /

/ / /

_____

[2] Account 163467, owned by the William John Kuhn Trust, is one of the two residential parcels.  The other was owned by the Dowells.  Each residential owner held a 50 percent interest in the common area.

[3] The Kuhns have appealed to this court at least twice.  *See* TC-MD 050021C (Mar 23, 2006) and 150093D (Feb 17, 2016).  The 2006 case concerned the house and open space account for one tax year, and the house only for two additional tax years under ORS 305.288(1).  The 2016 case concerned the house only.  A companion case, TC-MD 150094D, was filed concerning the open space account, but it was voluntarily dismissed prior to trial.

[4] Land Use Board of Appeals.

> "As long as one co-owner affirmatively agrees to its obligations, and to cover the obligations of the other property owner should they fail to meet their obligations, the objective of * * * Condition #2 is satisfied. Accordingly, an agreement between the County and one of the joint owners identifying the owner's obligations for the Open Space Parcel would satisfy Condition of Approval #2 as to that owner."

(*Id.*)

In August 2018, a Statutory Warranty Deed was recorded conveying the Dowells' residential property to Joel Blatt. (Ptf's Resp, Ex 7.) In a Quit Claim Deed recorded September 2018, Blatt conveyed his "undivided one-half (1/2) interest in a parcel of land containing 33.21 acres" to Plaintiff.[5] (*Id.* at Ex 8.) That one-half interest is the original account owned by Plaintiff. The other one-half interest in the open space common area is held by Kuhn. The open space common area may not be used for any residential dwellings. (*See* Def's Opening Br at 8, Ex 12.) The open space parcel is covered by Kuhn's homeowner's insurance policy; "however, there is $0.00 for replacement value" for it. (Ptf's Resp at 9.)

C. *Legal Standard*

ORS 305.287 states, in part: "Whenever a party appeals the real market value of one or more * * * accounts that constitute a unit of property within the meaning of ORS 310.160(1), any other party to the appeal may seek a determination from the body or tribunal of the total real market value of the unit of property * * *." ORS 310.160(1) states, in pertinent part, that "the unit of property to be considered shall consist of all contiguous property within a single code area in the county under common ownership that is used and appraised for a single integrated purpose, whether or not that property is taxed as a single account or multiple accounts."

/ / /

---

[5] Defendant "takes no position as to whether" the transaction between Blatt and Plaintiff "violate[s] any applicable land use provisions or conditions of approval." (Def's Reply at 3, n5.)

D.    *Analysis*

Plaintiff conceded that the three accounts are contiguous, in the same tax code, and under common control. (Ptf's Resp at 3.) Defendant maintains that properties "under common control" are also "under common ownership" for purposes of ORS 310.160(1). (*See* Def's Opening Br at 5, citing *Lance v. Hood River County Assessor*, TC-MD 160020N, 20l6 WL 5647382, at *3 (Or Tax M Div, Sept 29, 2016) (holding that "common ownership" meant "legal and equitable ownership" rather than "the record owner of title" for purposes of determining whether two forestland properties were "held in common ownership" where one property was owned by an LLC and the other was owned by a related trust).) Plaintiff has not offered any contrary authority and the court accepts Defendant's definition of "common ownership."

The issue presented is whether the three accounts were "used and appraised for a single integrated purpose." Case law interpreting that language is limited, perhaps because the relevant provision in ORS 305.287 concerning units of property is relatively new. (*See* Def's Opening Br at 5-6, Exs 10-11.) Defendant provided legislative history from the bill amending ORS 305.287 to include units of property. (*See id.*) Written testimony of John Phillips, Oregon Department of Revenue, identified an example of when the statute may apply: "a single manufacturing facility may have multiple tax lots and each tax lot could have corresponding accounts for (1) land and buildings, (2) machinery and equipment, (3) personal property, and (4) leasehold improvements." (Def's Opening Br, Ex 10 at 1.) The amended statute sought to prevent a selective appeal "on just machinery for instance, despite the total value of the land, buildings, and machinery when taken together being correct." (*Id.*)

In *EI Mansy v. Multnomah County Assessor*, the taxpayer invoked the "unit of property" concept in an attempt to appeal its house along with the vacant lot next door, which the taxpayer

also owned. TC-MD 180169R, 2018 WL 3962029, at *2 (Or Tax M Div, Aug 15, 2018). In holding that the two properties lacked a single integrated purpose, the court looked to prior case law stating that "the determining factor in deciding whether to appraise tax lots individually or as one economic unit is the concept of highest and best use." *Id.* at *2, citing *Cascade Funding Group, LLC v. Deschutes County Assessor*, TC-MD 110206C, 2012 WL 3055569 (Or Tax M Div July 26, 2012). The court noted that the vacant lot could be sold and developed independent of the house, indicating they were not a unit. *See id.* Defendant distinguishes *El Mansy*, noting that the 1980 land use decision stated that the 33-acre parcel was to serve as a common area for the residential parcels, of which there is now only one. (Def's Opening Br at 8-9, citing Ex 12.) "Kuhn has taken no action to alter the 'single integrated purpose' of that 33-acre common area parcel as set forth in the 1980 land use decision." (*Id.* at 9.)

Plaintiff acknowledges that Account 264943, containing the other 50 percent interest in the open space common area, may qualify as a unit of property with the original account. (*See* Ptf's Resp at 1.) However, Plaintiff disputes that Account 163467, containing the house, constitutes a unit of property with the other two accounts because it is a "completely different property class" than that open space parcel. (Ptf's Resp at 3.) Further, Plaintiff disagrees that it has taken no action to alter the purpose of the open space parcel, asserting it "has had numerous conversations and meetings with several entities about being a recipient of the land, including: Deschutes Land Trust, Oregon Desert Land Trust, and OSU Cascades[.]" (*Id.* at 7.) Defendant replies that the three accounts are, in fact, the same property class – "tract" – and, given Kuhn's common ownership of the three accounts, they "are now arguably analogous to any other 37-acre property * * * where minimum lot sizes preclude further partitioning, subdividing, or [s]iting any more than a single residential dwelling." (Def's Reply at 8-9.)

The court agrees with Defendant that the three accounts are used for a single integrated purpose by Kuhn. The more difficult question is whether the three accounts are *appraised* for a single integrated purpose. Defendant presented no evidence from its records concerning how it appraised the three accounts. However, Plaintiff provided an appraisal report for the Dowells' property that appraised the residential parcel along with the 50 percent interest in the open space common area. (*See* Ptf's Resp, Ex 6 at 2.) The appraiser explained that the three parcels "were created as a cluster development, and for purposes of this assignment provide a legal, physical, and financially feasibly residential use which optimizes the value of the vacant land, consistent with requirements for highest and best uses." (*Id.* at 6.) The appraiser further stated that the open space common area "creates value in open space, view aesthetics, and wildlife habitat, which is appurtenant to the residence." (*Id.*) To determine value, the appraiser selected comparable sales ranging in size from 9.32 to 40.05 acres. (*See id.* at 3, 5.)

Although Defendant failed to present evidence from its own appraiser, the appraisal of the Dowells' property reveals that at least one fee appraiser viewed the properties as a unit. Unlike the vacant lot in *El Mansy*, the open space common area may not be developed for residential purposes, suggesting that it does not have a highest and best use distinct from the residential parcels. Notwithstanding the Quit Claim deed from Blatt to Plaintiff, the restrictions created by the 1980 conditional use permit raise a question of whether the open space common area could be sold or transferred beyond the two residential lots in the development. On the evidence presented, the court finds that the three accounts are more likely than not a unit of property within the meaning of ORS 305.287. *See* ORS 305.427 (stating that the burden of proof by a preponderance of the evidence falls upon the party seeking affirmative relief).

/ / /

E.      *Conclusion*

Upon careful consideration, the court concludes that property identified as Accounts 264944, 163467, and 264943 were a unit of property within the meaning of ORS 305.287.  As such, the real market value of that unit is at issue in this appeal.  The parties will confer and file a joint written status report within 30 days from the date of this Order.  The status report will propose next steps, including three mutually convenient trial dates.  Now, therefore,

IT IS ORDERED that the unit of property at issue in this appeal is composed of property identified as Accounts 264944, 163467, and 264943.

IT IS FURTHER ORDERED that, within 30 days from the date of this Order, the parties will file a joint written status report proposing next steps, including three mutually convenient trial dates.

Dated this _____ day of December 2019.

ALLISON R. BOOMER
MAGISTRATE

*This interim order may not be appealed.  Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved.  ORS 305.501.*

*This document was signed by Magistrate Boomer and entered on December 6, 2019.*